UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DESIREE L. WADE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00369-JMS-DLP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

Petitioner Desiree L. Wade filed a motion seeking request for modification of sentence in accordance with 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(1)(B), or Rule 36 of the Federal Rules of Criminal Procedure. In the absence of a better alternative, this motion was processed as a new civil action pursuant to § 2255. The principal challenge for both Ms. Wade and this Court is to identify the correct procedural vehicle for considering her request for relief.

**I. Background**

Ms. Wade plead guilty to conspiracy to distribute 500 grams or more of methamphetamine and possession of methamphetamine with intent to distribute. On September 14, 2017, Judgment was entered against Ms. Wade in *United States of America v. Desiree L. Wade*, 2:15-cr-19-9-JMS-CMM (S.D. Ind. 2017). The Judgment states: "[t]he defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 170 months per count, concurrent, and concurrent to the sentence imposed in Daviess County, Indiana, cause number 14D01-1012-FB-1282."

Ms. Wade did not file an appeal, but now seeks to reduce her sentence by the number of days she spent in State custody prior to September 14, 2017, the date her federal sentence was imposed in 2:15-cr-19-JMS-CMM.

## II. Discussion

Ms. Wade does not contend that there was any error in the sentence imposed by this Court and further acknowledges that her request is prohibited by statute. Specifically, Title 18 U.S.C. § 3585 states:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Under these circumstances, Ms. Wade cannot be understood to challenge the execution of her sentence.[1] Instead, Ms. Wade argues that she is entitled to a modification of her sentence under Rule 36 of the Federal Rules of Criminal Procedure, 28 U.S.C. § 2255, or 28 U.S.C. § 3582(c)(1). For the reasons explained below, no relief is available through these procedural vehicles either individually or collectively.

---

[1] If Ms. Wade intended to challenge the execution of her sentence, such a claim could be brought under 28 U.S.C. § 2241, in the district where she is incarcerated. *See Gravitt v. Veach*, 229 F. App'x 417, 418 (7th Cir. 2007). For example, an appropriate § 2241 claim could assert that the Bureau of Prisons (BOP) miscalculated the amount of time remaining on her sentence with the result of detaining her longer than authorized. *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018). Given the fact that Ms. Wade asserts that the BOP has properly exercised its authority in determining her sentence as required by statute (18 U.S.C. § 3585(a)) a claim under § 2241 is not feasible at this time.

### A. Rule 36 of the Federal Rules of Criminal Procedure

Apparently, Ms. Wade is under the impression that this Court did not understand the impact of § 3585 and intended to further reduce her sentence for the time spent in State custody (approximately five months) prior to the commencement of her federal sentence. She is mistaken. The sentence was properly imposed and calculated. Accordingly, Rule 36 of the Federal Rules of Criminal Procedure which authorizes the court to "correct a clerical error in a judgment" does not apply because there was no error.

### B. 28 U.S.C. § 2255

Challenges to the imposition of a sentence must generally be raised under 28 U.S.C. § 2255. *Gravitt v. Veach*, 229 F. App'x 417, 418 (7th Cir. 2007). A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Ms. Wade admits that there was no error in the imposition of the sentence. Thus no relief is warranted under § 2255.

### C. 18 U.S.C. § 3582(c)(1)(B)

Ms. Wade asserts that she is entitled to relief under Section 3582(c)(1)(B). This statute states:

> [T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.

18 U.S.C. § 3582(c)(1)(B). Ms. Wade acknowledges that Rule 35 does not apply in her case. See dkt. 1 at p. 2. The Seventh Circuit has held that the phrase, "expressly permitted by statute" disallows sentence modifications unless resentencing has been ordered after a successful direct

appeal under 18 U.S.C. § 3742(f), (g), or a collateral attack under § 2255. *United States v. Bailey*, 777 F.3d 904, 906 (7th Cir. 2015). Because Ms. Wade is not entitled to relief pursuant to § 2255 for the reasons set for above, she is also not entitled to relief under § 3582(c)(1)(B).

### III. Dismissal

Rule 4(b) of *Rules Governing Section 2255 Proceedings for the United States District Courts*:

> "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

That is the case here, this action is dismissed because Ms. Wade cannot obtain the relief she seeks in this action.

Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 2:15-cr-19-JMS-CMM-9.**

### IV. Certificate of Appeallability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Ms. Wade has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 8/27/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DESIREE L. WADE
15254-028
ALICEVILLE FCI
FCI Aliceville
P.O. Box 4000
Aliceville, AL 35442